# Exhibit 19

testimony at 8:30. I'm getting heads shaking yes.

I want to be respectful of your time and know that when we started this case, I said it was 9:00, but at the same time, I think it's most important that we get through all the testimony.

The same admonition applies tonight to not communicate with anyone in any way about this case, including witnesses, attorneys, people you might see in the hallway, anyone from the media, any of your family members, coworkers, friends. Don't discuss the case with anyone or your fellow jurors until you are released for deliberations.

If anything does happen, I will remember to ask first thing tomorrow morning and inquire about it, but if I -- if something does happen, the immediate thing for you to do would be to let my staff know with a note, and we'll follow up with you in the morning. But do the best you can to not read the news, not communicate with anyone, and follow my admonitions.

And you are excused for the evening. See you tomorrow morning.

All rise for the jury.

(Jury exits the courtroom.)

THE COURT: Please be seated.

Mr. Duggan, I do have the report that the witness handed over to me if you want to collect that.

Okay. So emotions went high today, and I understand that this is a serious case and that's what happens. My rulings are

and continue to be that there are not to be appeals to politics or broader policy issues. That could be perceived by the jury as an improper request for nullification, which is improper.

Now, it could be that there are some issues that could be relevant to explaining why people did certain things, and I won't necessarily exclude testimony if it's relevant for why people did certain things. But as I've said before, this is not the place to be making political appeals to the jury by either party. And, quite frankly, I think it does a disservice. I think an attorney making a political appeal takes a big risk that it will turn off the jury, and the jury may well rule against that side because they are offended. So it's not just my ruling. It's not just the law. I also know that that can really upset someone. So it's not the time or the place to do that.

Please take my rulings seriously. If I hear anything further tomorrow, I will just say that the argument is inappropriate. That's a big turnoff to the jury. It does not help anyone's side to be told by the judge that their argument or their statement is inappropriate. If there is a good-faith belief that something that touches on policy might be relevant, bring it to my attention outside the presence of the jury so that we don't run into this again. Just anticipate it and bring it to my attention.

Like I said, there may well be reasons why certain issues

that could seem policy-like are relevant to explain why people did what they did, why people went to a certain place, and that would be admissible possibly.

Okay. There may be some other things for us to address. Do we want a time to discuss the two portions of Archer's phone?

MS. PEREZ: Your Honor, my understanding, although I have not been able to yet confirm, is that a brief was filed by someone in my office today. My understanding is that it is lengthy. And so I will defer to the Court as to when the Court would prefer, if that's tomorrow morning or over lunch or after court tomorrow. I don't believe we'd get to the point in trial that I would want to introduce that anyway tomorrow. And so I will be prepared at any point.

THE COURT: Okay. Well, let's -- I'll hear from the defense because they need to be able to review it too.

Mr. Wagley?

MR. WAGLEY: Yes, your Honor. We'd like a chance to see the briefing to prepare on it. And also, at this point, I don't know if there's a need for an evidentiary hearing on the issue. We filed a declaration. The recordings say what they say. It's really a legal issue about the work product doctrine, waiver and scope of it is how we see it. And 403, your Honor.

THE COURT: And 403, which, as I indicated before, I think my -- I'm really compelled by the 403 argument. I think for the same reason that evidence can be inadmissible as work