# Exhibit 20

a protest, the word "force" does not include merely tensing up or resisting. So my definition of "force" will state: An act involves force if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people. Force does not include merely tensing up or resisting.

I will not include additional commentary about what force means or doesn't mean. The parties can address that in argument.

And one final matter. I wanted to address what happened yesterday afternoon. When it comes to allegations of attorney misconduct, my instinct is to be deliberative and thoughtful and not to rule in the moment. But I do think, unfortunately, that Ms. George intentionally violated my order not to reference politics. And I understand Ms. George was operating on not enough sleep and that this is a stressful case, but that doesn't excuse it.

Had the Government done something similar, I would have declared a mistrial. But as I indicated earlier, the Government's remedies in the middle of a trial are not the same as the defendants'. The Government has not asked for a mistrial, and I understand why they haven't. But while the Government's remedies are different, the Government's attorneys and defense attorneys are held to the same standard. And so if a court order isn't followed, there needs to be consequences.

So here is my ruling: If Ms. George or anyone, but given that it's Ms. George that did it, if she were to again violate my order not to reference politics, I will find her in contempt. And such a finding could result in monetary sanctions or, more likely, it would be that I would require only Ms. Rubin to speak in front of the jury. The jury has heard from both Ms. Rubin and Ms. George. Forral has two attorneys, and so I don't want that to happen. It's in your hands on whether or not it happens, but if it happens, that may well be my remedy.

As I stated --

MS. GEORGE: May I respond?

THE COURT: I'm not quite done.

As I stated yesterday, if any party believes they have a legitimate basis for asking questions that could appear to touch on politics or if they believe there's a legitimate basis for addressing something in closing arguments that could be perceived -- could be perceived -- as addressing or touching on politics, then address it with me beforehand.

I recognize that there may be some mens rea issues that could be perceived as political, and I'm not saying that those can't be raised, but it needs to be addressed with me beforehand.

Ms. George.

MS. GEORGE: Thank you.

The Government asked McIntosh -- or they specifically

brought up a photo of a woman at the south gate, circled her head, and said "What did you think" -- or something along these lines, "What did you think when you saw her?" And Officer McIntosh said, "It was a look I have never seen before. A look of" -- and I don't remember his exact words. I have them written down. "It was a look of violence." I believe something along those lines. It was a look of someone incredibly upset about the state of the country.

THE COURT: Well, Ms. George, you have no basis for that, and I sustained an objection --

MS. GEORGE: No, no, I --

THE COURT: -- to speculation as to the intent of someone else, and references to the state of this country is political. And if you can't understand the distinction --

MS. GEORGE: I understand the Court's ruling.

THE COURT: Okay. And you need to understand the distinction. Okay? You're not going to convince me that it wasn't political. It was political.

MS. GEORGE: I understand --

THE COURT: And if you can't understand the distinction, that's problematic.

MS. GEORGE: I understand the distinction. I understand the Court's ruling. But I want the Court to know, and I want it on the record, that the Government purposely did that to leave it hanging that this was a violent action. And so

I felt the need to respond with cross-examination -- inappropriate as the Court has indicated, and I won't do it again, but that is why I did it, because it was hanging there, and it was a wrong inference.

THE COURT: Well, unless the woman is here to testify, I don't know what the person was thinking. There's a lot of reasons why people have blank stares.

MS. GEORGE: And I said it may be.

THE COURT: And, you know, it's a different level of -- and I don't know that it was the Government asking for it. The witness speculated. I sustained the objection as to speculation. That's different than referencing politics.

So we're done on this. Don't do it again.

MS. GEORGE: I won't.

THE COURT: Okay. All right. Look at that. I did everything in 10 minutes, but there might be more.

MS. CARTIER-GIROUX: Your Honor, I have a question. You did indicate yesterday that the Court would potentially be willing to allow in some cross-examination if Archer determines that they will testify, that questioning could potentially be relevant.

THE COURT: If Archer were to testify differently -- the fact that something has been excluded does not give anyone license to testify inconsistently. So Archer can be impeached with a prior inconsistent statement from that. Yes.